IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOLENE GREEVER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CASEY'S MARKETING COMPANY and CASEY'S GENERAL STORES, INC.,<br><br>Defendants. | Case No. 4:21-cv-00362<br><br>ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSING CASE WITH PREJUDICE |

Plaintiff brought individual and putative collective action claims against Defendants, alleging violations of the Fair Labor Standards Act (the "FLSA"). The parties reached an agreement to settle Plaintiff's individual claims and have asked the Court to approve the proposed agreement and dismiss the case. (ECF 27.) Plaintiff has not requested certification or conditional certification of an FLSA collective action and so the settlement will not affect anyone else's right to bring FLSA claims against Defendants. The Court finds the case involved a bona fide dispute and the proposed settlement is fair and equitable. The Court therefore GRANTS the parties' request for approval of the settlement agreement and dismissal of the case with prejudice.

I. **The Settlement Agreement Is a Fair and Reasonable Resolution of a Bona Fide Dispute.**

Prior to approving the settlement of FLSA claims, the Court must determine whether (1) the case involved a "bona fide dispute" and (2) the proposed settlement is "fair and equitable." *Guy v. DMG Installations, Inc.*, No. 4:20-CV-00331-SBJ, 2021 WL 4973251, at *4 (S.D. Iowa Oct. 22, 2021).[1] Prior to agreeing to settle this case, the parties exchanged and reviewed Plaintiff's employment records (ECF 19) and engaged in settlement discussions for several months (ECF 24; ECF 27). The Court is satisfied this case involves a bona fide dispute.

---

[1] *See also Meller v. Bank of the W.*, No. 3:18-CV-00033-JAJ-SBJ, 2018 WL 5305562, at *8 (S.D. Iowa Sept. 10, 2018), *report and recommendation adopted*, No. 3:18-CV-00033-JAJ, 2018 WL 5305556 (S.D. Iowa Oct. 1, 2018) (same); *Hansen v. Per Mar Sec. Servs.*, No. 3:12-CV-00113-RAW, 2013 WL 12310935, at *2 (S.D. Iowa May 15, 2013) (same).

To determine whether a proposed settlement is fair and equitable, courts "consider a broad array of factors." *Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y*, No. 3:16-CV-00026, 2017 WL 821656, at *4 (S.D. Iowa Jan. 10, 2017) (quoting *Loseke v. Depalma Hotel Corp.*, No. 4:13-CV-3191, 2014 WL 3700904, at *1–2 (D. Neb. July 24, 2014). These factors include:

1. The amount of overtime to which class members may be entitled;
2. Whether the employee initiated the claim in a lawsuit;
3. Whether the employee is represented by counsel;
4. Whether the employer appears to be able to exercise undue leverage or influence over the employee;
5. How close to full compensation of the employee's claim is the proposed settlement;
6. Whether the settlement includes or excludes liquidated damages and/or the employee's attorney's fees and expenses;
7. Whether the proposed settlement requires the employee to release other non-FLSA claims or places other restrictions on the employee in order to receive FLSA compensation;
8. The extent of discovery that has taken place;
9. The stage of the proceedings, including the complexity, expense and likely duration of the litigation;
10. The extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;
11. The absence of fraud or collusion in the settlement;
12. Whether the settlement agreement is the product of arm's-length bargaining; and
13. The experience of counsel who have represented the plaintiffs.

*Loseke*, 2014 WL 3700904, at *1–2; *Lewis-Ramsey*, 2017 WL 821656, at *4. The Court has considered the factors relevant to this case and finds the proposed settlement is fair and equitable.

## II. Conclusion.

The Court finds the case involved a bona fide dispute and the proposed settlement of that dispute is fair and equitable. The Court therefore **GRANTS** the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice. Because Plaintiff never sought certification or conditional certification of a collective action, this Order will not affect the rights of any other individuals.

**IT IS SO ORDERED.**

Dated: October 5, 2022.

_____
Stephen H. Locher
UNITED STATES DISTRICT JUDGE